IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Patrick K. Donnelly, | ) | Civil Action No. 2:20-cv-3719-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER AND OPINION** |
| v. | ) | |
| | ) | |
| Linden Capital Partners III, L.P., | ) | |
| Linden Capital Partners IV L.P., | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court are Plaintiff's motions to seal provisionally (Dkt. Nos. 85, 87, 91, 96) and Defendants' motions to redact and seal (Dkt. Nos. 90, 93, 99). For the reasons set forth below, the Court denies as moot Plaintiff's motions to seal provisionally, and grants in part and denies in part Defendant's motions to redact and seal.

**I.   Background**

This is a breach of contract and unjust enrichment case brought by Patrick K. Donnelley ("Plaintiff") against Linden Capital Partners III, L.P. and Linden Capital Partners IV, LP ("Defendants"). (Dkt. No. 66). Defendants are a private equity firm that invest in healthcare companies. Plaintiff alleges he signed an Operating Partnership Agreement ("OPA") with Defendants where Plaintiff agreed to provide advisory services as an independent contractor. (Dkt. No. 66-1 at ¶¶ 1, 3). The OPA lists Plaintiff's yearly compensation for providing consulting services and includes a provision where Plaintiff would receive a transaction fee for an equity investment by Defendants in a target company for which Plaintiff was significantly involved with. (*Id.*). In late 2017, Defendants formed Advarra and Plaintiff signed an Employment Agreement

1

with Advarra to act as the CEO. (Dkt. No. 66 at ¶ 147). Plaintiff alleges that Defendants failed to compensate him for services provided under the OPA while acting as CEO of Advarra.

## II.     Legal Standard

Local Civil Rule 5.03 provides that a party seeking to file documents under seal shall "file and serve a 'Motion to Seal' accompanied by a memorandum" that must:

> (1) identify, with specificity, the documents or portions thereof for which sealing is requested; (2) state the reasons why sealing is necessary; (3) explain (for each document or group of documents) why less drastic alternatives to sealing will not afford adequate protection; and (4) address the factors governing sealing of documents reflected in controlling case law.

Local Civil Rule 5.03, D.S.C.

When a party makes a request to seal judicial records, a district court "must comply with certain substantive and procedural requirements." *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 576 (4th Cir. 2004). Procedurally, the court must (1) give the public notice and a reasonable opportunity to challenge the request to seal; (2) "consider less drastic alternatives to sealing"; and (3) if it decides to seal, make specific findings and state the reasons for its decision to seal over the alternatives. *Id.* "As to the substance, the district court first must determine the source of the right of access with respect to each document, because only then can it accurately weigh the competing interests at stake." *Id.* (internal quotation marks and alteration omitted). "While the common law presumption in favor of access attaches to all 'judicial records and documents,' the First Amendment guarantee of access has been extended only to particular judicial records and documents," such as materials filed in connection with a summary judgment motion. *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988) (internal citation omitted).

## III.    Discussion

Before the Court are several motions to seal provisionally filed by Plaintiff (Dkt. Nos. 85;87; 91; 96) and three motions to redact and seal filed by Defendants. (Dkt. Nos. 90, 93, 99). The Court will address Defendants' motions to redact and seal first.

As a threshold matter, the procedural requirements of Local Rule 5.03 have been met as to Defendants' motions to seal. (Dkt. Nos. 90; 93; 99). Defendants complied with the rule, the public received notice of the request to seal when the motion was docketed, and no parties objected.

Next, the Court will apply the common law right of access to the documents in question. The Court will review each document Defendants move to redact and seal. Defendants move to redact portions of Defendants' motion to strike (Dkt. No. 88) and exhibit attached to the motion. (Dkt. No. 88-1). The redacted portions reflect various financial figures and valuations. Defendants move to redact portions of Defendants' memorandum in support of motion for summary judgment (Dkt. No. 89-1). Defendants move to redact exhibits attached to Defendants' motion for summary judgment and Plaintiff's response in opposition to Defendant's motion for summary judgment. (Dkt. Nos. 89-3, 89-4, 89-11, 89-12, 89-13, 89-17, 89-18; 95-3; 95-12). The documents contain a declaration and excerpts of deposition transcripts that contain financial figures and valuations. Defendants move to redact portions of Plaintiff's response in opposition to Defendants' motion for summary judgment. (Dkt. No. 95 at ¶¶ 32, 33, 42, 43, 50, 57, 67, 68; p. 30, 31, 32, 50). The redactions contain financial figures. Defendants move to redact portions of Defendants' reply in support of motion for summary judgment. (Dkt. No. 98 at p 7, 9 n.24, 10). The redactions contain financial figures and valuations.

The Court has reviewed the documents *in camera*. The proposed redactions are tailored to financial figures Plaintiff alleges Defendants invested in a target company, the ultimate sales price of the target company, fees Plaintiff alleges Defendants earned on the transaction, and

3

compensation purportedly owed based on Defendants' purported investment or fees collected. In addition, many of the the redactions are consistent with the financial figures represented in funds-flow memoranda attached to the First Amended Complaint that are currently under seal by Court Order. (Dkt. No. 63, sealing Dkt. Nos. 66-3, 4, 5, 6, 7). The Court finds Defendants have met the burden of showing its countervailing interests heavily outweigh the public interest in access to the documents in question. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (noting that public access may be inappropriate for "business information that might harm a litigant's competitive standing").

Defendants move to seal numerous documents entirely. Defendants move to seal exhibits attached to Defendant's motion for summary judgment and Plaintiff's response in opposition to Defendants' motion for summary judgment that consist of two funds-flow memoranda. (Dkt. Nos. 89-19, 89-21; 95-21, 95-37). Defendants move to seal exhibits attached to Plaintiff's partial motion for summary judgment and Plaintiff's response in opposition to Defendants' motion for summary judgment consisting of an Indication of Interest Letter from Plaintiff's portfolio company ProPharma Group and a Private Placement Memorandum for Defendants that evaluates possible investment in the partnership. (Dkt. Nos. 86-9, 86-13; 95-10, 95-15).

Defendants move to seal fifteen additional exhibits attached to Plaintiff's response in opposition to Defendant's motion for summary judgment. These documents consist of three categories: (1) emails that detail internal processes related to specific transactions (Dkt. Nos. 95-19, 95-25, 95-38), (2) transaction specific term sheets, excel workbooks, acquisition proposals and presentations (Dkt. Nos. 95-28, 95-29, 95-32, 95-33, 95-36, 95-42, 95-45, 95-50, 95-55), and (3) deal pipeline documents identifying specific targets and Defendants' evaluation process. (Dkt. Nos. 95-26, 95-35, 95-44, 95-51).

Defendants argue the documents is comprised almost entirely of information Defendants consider to be highly confidential and proprietary. The Court has reviewed the documents *in camera* and find that many of the documents contain financial figures and valuations related to the transactions at issue in this case or otherwise appear to contain proprietary business information. (Dkt. Nos. 86-9, 86-13) (Dkt. Nos. 89-19, 89-21) (Dkt. Nos. 95-10, 95-15, 95-21, 95-26 95-28, 95-29, 95-32, 95-33, 95-35, 95-36, 95-37, 95-42, 95-44, 95-45, 95-50, 95-51). Accordingly, the court finds Defendants have met the burden of showing its countervailing interests heavily outweigh the public interest in access to the documents in question. *Nixon*, 435 U.S. at 598.

With regard to the email transactions, they outline the planning and integration of specific transactions without reference to financial valuations or figures. The Court finds such documents are not confidential or proprietary which, if disclosed, would irreparably damage Defendants. (Dkt. Nos. 95-19, 95-25, 95-38).

Last, Defendants move to seal entirely the Expert Reports of Anthony Ecock, M.B.A. and Henry L. Druker, M.B.A., J.D, attached to Defendants' motion for summary judgment (Dkt. No. 89-7; 89-8), Plaintiff's motion to strike expert opinion (Dkt. No. 84-1), and exhibits attached to Plaintiff's motion in opposition to Defendants' motion for summary judgment. (Dkt. No. 95-31). Defendants argue these documents are comprised almost entirely of information Defendants consider highly confidential such that redacting the documents would render them impracticable. (Dkt. No. 90-1 at 5). The Court has reviewed the documents *in camera*. The expert reports offer opinions as to whether Plaintiff is entitled to consulting and transaction fess pursuant to his involvement in the transactions at issue. The expert reports also contain significant background regarding the private equity industry and the role of operating partnership agreements. Defendants

have not explained why sealing the entire document is the least drastic option. Thus, the court finds Defendants have not met the burden to seal the expert reports in their entirety.

With regard to Plaintiff's motions to seal provisionally (Dkt. Nos. 85;87;91;96), the Court denies the motions as moot.

## IV.     Conclusion

For the reasons stated above, Plaintiff's motions seal provisionally are **DENIED AS MOOT**. (Dkt. Nos. 85; 87; 91; 96). Defendants' motions to redact and seal are **GRANTED IN PART AND DENIED IN PART**. (Dkt. Nos. 90, 93, 99).

Specifically, Defendants' motions to redact and seal are **GRANTED** as to: (Dkt. Nos. 86-9, 86-13); (Dkt. Nos. 88, 88-1); (Dkt. Nos. 89-1, 89-3, 89-4, 89-11, 89-12, 89-13, 89-17, 89-18); (Dkt. Nos. 95-3, 95-10, 95-15, 95-12, 95-21, 95-26, 95-28, 95-29, 95-31, 95-32, 95-33, 95-35, 95-36, 95-37, 95-42, 95-44, 95-45, 95-50, 95-51, 95-55); (Dkt. No. 98 at p 7, 9 n.24, 10); (Dkt. No. 99 ¶¶ 32, 33, 42, 43, 50, 57, 67, 68; p. 30, 31, 32).

Defendants' motions to redact and seal are **DENIED** as to sealing the Expert Reports of Henry L. Druker, M.B.A., J.D. and Anthony Ecock, M.B.A. (Dkt. Nos. 84-1; 89-7, 89-8; 95-31) and email transactions (Dkt. No. 95-19, 25, 38). Within ten (10) days of this Order the parties are directed to provide the Clerk with unredacted versions of these documents. At such time, the Clerk shall replace the redacted versions of these filings with the unredacted versions.

**AND IT IS SO ORDERED**.

s/ Richard M. Gergel
Richard M. Gergel
United States District Judge

December 8, 2021
Charleston, South Carolina