THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

|  |  |
|---|---|
| Patrick K. Donnelly, </br></br> Plaintiff, </br></br> v. </br></br> Linden Capital Partners III, L.P., </br> Linden Capital Partners IV L.P., </br></br> Defendants. | C/A No.: 2:20-cv-3719-RMG </br></br> **ORDER AND OPINION** |

Before the Court is Defendants' motion to strike Plaintiff Patrick Donnelly's Rule 30(e) errata of Plaintiff's deposition testimony. (Dkt. No. 88). For the reasons set forth below, Defendants' motion is granted.

I. **Background**

Plaintiff brings a breach of contract and unjust enrichment claim against Linden Capital Partners III, L.P. and Linden Capital Partners IV L.P. ("Linden"). (Dkt. No. 66). Around December 14, 2015, Plaintiff and Linden Capital Partners III, L.P. executed an Operating Partnership Agreement ("OPA") in which Plaintiff was entitled to certain consulting and transaction fees as an Operating Partner at Linden. (Dkt. No. 66 at ¶ 21); (Dkt. No. 66-1). In late 2017, Linden formed Advarra, Inc. ("Advarra") and Plaintiff signed an Employment Agreement with Advarra to become its CEO. (Dkt. No. 66 at ¶ 109). Plaintiff served as CEO of Advarra from November 7, 2017 through August 31, 2019. (Dkt. No. 66 at ¶ 150). Plaintiff alleges that Defendants failed to compensate him for services provided under the OPA while acting as CEO of Advarra.

Defendants filed a motion to strike Plaintiff's Rule 30(e) errata of Plaintiff's deposition testimony. (Dkt. No. 88). Plaintiff filed a response in opposition. (Dkt. No. 92). The matter is ripe for the Court's review.

**II.     Legal Standard**

Rule 30 of the Federal Rules of Civil Procedure governs oral depositions and provides that "the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which to review the transcript or recording; and if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them." Fed. R. Civ. P. 30(e)(1).

"There are two basic approaches reflected in the decisional law." *Gilliam v. Valmont-Columbia Galvanizing, Inc.*, No. 3:13-1575-CMC, 2015 WL 4429350, at *2 (D.S.C. July 20, 2015). The first line of authority interprets Rule 30(e) broadly, to allow the deponent to make any changes as long as the changes strictly conform to the procedural requirements of the Rule. Under this approach, if the procedural requirements of the Rule are met, any substantive change will be deemed permissible, even if it creates inconsistences or directly contradicts prior testimony. In these instances, changes are not limited to transcription errors; however, both versions of the testimony remain in evidence and the court may also order the deposition reopened to allow further examination about the alterations. *See e.g.*, *Podell v. Citicorp Diners Club*, 112 F.3d 98, 103 (2d Cir. 1997); *Gilliam*, 2015 WL 4429350, at *2; *Foutz v. Town of Vinton, Virginia*, 211 F.R.D. 293, 295 (W.D. Va. 2002).

The second line of authority interprets Rule 30(e) strictly, allowing only the correction of demonstrated errors made by the court reporter, whether in form or in substance. *See, e.g., Garcia Pueblo Cntry. Club*, 299 F.3d 1233, 1242 n.5 (10th Cir. 2002) ("We are dismayed with PCC's

reliance upon errata from deposition testimony where that errata strayed substantively from the original testimony."); *Greenway v. Int'l Paper Co.*, 144 F.R.D. 322, 325 (W.D. La. 1992) (suppressing deponent's attempt to rewrite material answers given in deposition); *S.E.C. v. Parkersburg Wireless, L.L.C.*, 156 F.R.D. 529, 535 (D.D.C. 1994) (noting modern trend in which courts do not allow a party "to make any substantive change she so desires" to her deposition testimony); *Rios v. Bigler*, 847 F.Supp. 1538, 1546-47 (D. Kan. 1994) (stating the court will consider only those changes that clarify, rather than materially alter, the deposition testimony). Under this interpretation, courts "do not condone counsel's allowing for material changes to deposition testimony and certainly do not approve of the use of such altered testimony that is controverted by the original testimony." *Garcia*, 299 F.3d at 1242 n.5. That is because a "'deposition is not a take home examination.'" *Sinclair Wyoming Refining Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 784 n.32 (10th Cir. 2012) (quoting *Greenway*, 144 F.R.D. at 325). Instead, the purpose of Rule 30(e) is obvious. Should the reporter make a substantive error, i.e., he reported "yes" but I said "no," or a formal error, i.e., he reported the name to be "Lawrence Smith", but the proper name is "Laurence Smith," then corrections by the deponent would be in order. *Greenway*, 144 F.R.D. at 325. The Rule cannot be interpreted to allow one to alter what was said under oath. If that were the case, one could merely answer the questions with no thought at all then return home and plan an artful response. Depositions differ from interrogatories in that regard. *Id.*

There is no controlling authority from the Court of Appeals for the Fourth Circuit. Several district courts in the Fourth Circuit take the position that the "purpose of an errata sheet is to correct alleged inaccuracies in what the deponent said at his deposition, not to modify what he wishes that he had said." *Touchcom, Inc. v. Bereskin & Parr*, 790 F. Supp. 2d 435, 465 (E.D.Va. 2011); *but*

*see, e.g.*, *Columbia Gas Transmision, LLC v. Haas*, No. TDC-17-1147, 2018 WL 10798530, at *3 (D. Md. Mar. 16, 2018) (finding an errata sheet is "not at odds [with] the intent of the rules"); *Harmon v. United States*, No. PX-15-2611, 2017 WL 4098742, at *5 n.4 (D. Md. Sept. 15, 2017) (noting that record on cross-motions for partial summary judgment reflected deponent "clarified on her errata sheet: 'I misunderstood the question ...'"). These courts find that transcriptional or typographical errors are the only types of corrections permitted under Rule 30(e), foreclosing substantive changes to what was said in a deposition unless it is shown to be necessary to correct a court reporter's error. *See, e.g.*, *Ashmore for Wilson v. Sullivan*, No. 8:15-cv-0563-JMC, 2018 WL 507792, at *2 (D.S.C. Jan. 23, 2018) ("The Court will not allow the requested substantive changes to be made because they are purported to be based on unfavorable deposition testimony."); *E.I. Dupont de Nemours & Co. v. Kolon Indus., Inc.*, 277 F.R.D. 286, 297 (E.D.Va. 2011) (noting that "the errata process ... [cannot] be used to allow post-deposition revision of testimony to conform a witness' testimony to enhance a party's case"); *Lee v. Zom Clarendon, L.P.*, 689 F. Supp. 2d 814, 819 (E.D. Va. 2010) ("Altering deposition testimony in this manner is not a permissible use of errata sheets."); *Wyeth v. Lupin Ltd.*, 252 F.R.D. 295, 296-97 (D.Md. 2008) (noting that because "a deposition is not a take home exam" the deponent "cannot change testimony in a material way, simply because on review, it does not like the answer as given"); *Barlow v. Esselte Pendaflex Corp. Meto Div.*, 111 F.R.D. 404, 406 (M.D.N.C. 1986) (finding it "at variance with the letter and spirit of Rule 30(e)" when "changing 'yes' to 'no' and vice versa, etc."). Indeed, courts inside and outside the Fourth Circuit take this position because "the purpose of a deposition is to memorialize testimony ... before the recollection of events fade or it has been altered by ... helpful suggestions of lawyers." *Kolon Indus.*, 277 F.R.D. at 297 (quoting *Hall v. Clifton Precision*, 150 F.R.D. 525, 528 (E.D. Pa. 1993)).

**III.     Discussion**

This dispute arises from Defendants' deposition of Plaintiff on September 17, 2021. Defendants indicate that one of the issues in this case is whether under the OPA there is a threshold requirement of an equity investment by Linden for Plaintiff to be eligible for an earned transaction fee. (Dkt. No. 88 at 3). Plaintiff argues the parties dispute the term "equity investment" under the OPA. (Dkt. No. 92 at 5) (citing Dkt. No. 89-1 at 30-32). During Plaintiff's deposition, counsel for Defendants showed Plaintiff transaction documents and asked questions about the source and nature of the funds involved as reflected in those documents.

Within thirty days of Plaintiff's deposition, Plaintiff served Rule 30(e) errata that include changes in form or substance along with a statement listing the changes and the reason for making them. (Dkt. No. 88-3). Defendants do not challenge that Plaintiff's errata satisfy the procedural requirements of Fed. R. Civ. P. 30(e).

First, Defendants argue Plaintiff seeks to substantially alter his deposition testimony via errata because Plaintiff's original testimony conceded the absence of any equity investment by Linden in transactions involving Drug Safety Solutions and the sale of Advarra to Genstar Capital termed Project Bearcat. Defendants argue these admissions are fatal to Plaintiff's breach of contract claims relating to those alleged transaction fees. (Dkt. No. 88 at 1). Defendants argue that Plaintiff did not challenge the term equity investment, supply his own definition, or otherwise qualify his answer during his deposition. (Dkt. No. 88 at 5). Defendants argue that because Plaintiff's errata attempts to make substantive changes to his testimony rather than correct transcriptional or typographical errors, the changes in the errata sheet are impermissible and should be struck by the Court. (Dkt. No. 88 at 2). Plaintiff argues the errata provide clarification based on previous or

5

subsequent deposition testimony as to Plaintiff's understanding of the term "equity investment" under the OPA.

Courts in the Fourth Circuit consider whether "the manner [] of changes discloses a lack of good faith." *Barlow*, 111 F.R.D. at 406. Without explicit guidance from the Fourth Circuit, the Court's task is to determine, from the face of the errata, whether the changes are transcriptional and typographical or substantive. *United States ex rel. Lutz v. Lab'y Corp. of Am. Holdings*, No. CV 9:14-3699-RMG, 2021 WL 2310049, at *3 (D.S.C. June 7, 2021).

In this case, Plaintiff's errata contain numerous entries where Plaintiff attempts to add the statement "under your definition of equity investment" to his deposition testimony where he originally testified without qualification that the sale of Advarra to Genstar Capital termed Project Bearcat (Dkt. No. 92-1, Donnelly Depo. at 284: 23; 286: 8), and Drug Safety Solutions (Dkt. No. 92-1, Donnelly Depo. at 281:1) did not involve equity investment by Linden. For example, Plaintiff's deposition testimony, with the errata changes indicated in bold states: "Q: . . . So you would agree the sale of Advarra to Genstar Capital, termed Project Bearcat, did not involve an equity investment by LCP III, correct? A: It did not**, under your definition of equity investment.**" (Dkt. No. 92-1, Donnelly Depo. at 284: 23; 286:8). Plaintiff maintains the errata clarifies his deposition testimony related to this issue based on prior or subsequent deposition testimony where Plaintiff challenges Defense counsel's definition of equity investment. Plaintiff previously testified "you're trying to change the definition of equity investment and I don't agree with you." (Dkt. No. 92-1, Donnelly Depo. at 260: 11-15); (Dkt. No. 88-3).

The Court finds that Plaintiff's attempt to insert "under your definition of equity investment" via errata would have the effect of qualifying responses that were not originally qualified. The Court finds that these errata substantively alter Plaintiff's deposition testimony and improperly

6

change the meaning of the testimony.  This exceeds the bounds of Rule 30(e) and the Court strikes the errata from the record.  (Dkt. No. 92-1, Donnelly Depo. at 240:20, 281:1, 284: 23, 286: 8).

Second, Defendants argue Plaintiff seeks to substantially alter his deposition testimony via errata as it relates to Linden's discretion to pay Plaintiff transaction fees.  Plaintiff's original testimony conceded without qualification that whether Plaintiff was entitled to transaction fees for his significant contribution to an acquisition made by Linden was within Linden's sole discretion as to the following transactions: Xendo (Dkt. No. 92-1, Donnelly Depo. at 341: 24-25, 342: 21), Drug Safety Solutions (Dkt. No. 92-1, Donnelly Depo. at 343:6), Project Bearcat (Dkt. No. 92-1, Donnelly Depo. at 343: 18-20, 344:4), and Chesapeake (Dkt. No. 92-1, Donnelly Depo. at 346:13).  Plaintiff's errata contain numerous entries as to this issue where Plaintiff attempts to alter his testimony to add the phrase, "assuming they were acting in good faith."  For example, Plaintiff's deposition testimony, with the errata indicated in bold states: "Q: [Linden] had discretion to determine whether you significantly contributed, [to a transaction], right? . . . A: Yes**, assuming they were acting in good faith.***"* (Dkt. No. 92-1, Donnelly Depo. at 340: 23).  Plaintiff maintains the errata will clarify his deposition testimony based on prior deposition testimony where he stated: "Q: Under the contract that is the basis for your claims against Linden Capital Partners III here, Linden has the sole discretion to determine whether [you] significantly contributed to sourcing, winning, or performing due diligence for a transaction.  . . . A: Yeah, I'm relying on good faith and professional ethics." (Dkt. No. 92-1, Donnelly Depo at 334: 10-20); (Dkt. No. 88-1 at 3).

The Court finds that Plaintiff's attempts to insert "assuming they were acting in good faith*"* to his deposition testimony via errata amounts to a substantive change to Plaintiff's deposition testimony that improperly changes the meaning of the testimony.

7

Plaintiff argues that if the errata are struck, his breach of contract claims will suffer undue prejudice because his testimony will be misconstrued. (Dkt. No. 92 at 11). However, several courts within the Fourth Circuit have disallowed the use of Rule 30(e) errata to engage in "post-deprivation revision of testimony to conform [his] testimony to enhance [his] case." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 277 F.R.D. 286, 297 (E.D. Va. 2011); *Ashmore for Wilson v. Sullivan*, No. 8:15-CV-00563-JMC, 2018 WL 507792, at *3 (D.S.C. Jan. 23, 2018); *Wyeth v. Lupin LTD*, 252 F.R.D. 295, 297 (D.Md. 2008). The Court finds that Plaintiff's use of Rule 30(e) errata is improper and strikes the errata from the record. (Dkt. No. 92-1, Donnelly Depo. at 334: 17, 340: 23, 341: 24-25, 342: 21, 343: 6, 18-20, 344:4, 12-16, 346: 13).

### IV. Conclusion

For the reason stated above, Defendants' motion to strike Plaintiff's Rule 30(e) errata is **GRANTED**. (Dkt. No. 88).

s/ Richard M. Gergel
Richard M. Gergel
United States District Judge

May 26, 2022
Charleston, South Carolina