THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

|  |  |
|---|---|
| Patrick K. Donnelly, <br><br> Plaintiff, <br><br> v. <br><br> Linden Capital Partners III, L.P., <br> Linden Capital Partners IV, L.P., <br><br> Defendants. | C/A No.: 2:20-cv-3719-RMG <br><br> **ORDER AND OPINION** |

Before the Court is Defendants' motion to reconsider filed pursuant to Federal Rule of Civil Procedure 54(b) as to the Court's June 28, 2022 Order that granted in part, denied in part, Defendants' motion for summary judgment and denied Plaintiff's partial motion for summary judgment. (Dkt. No. 116). For the reasons stated below, the motion is denied.

## I.  Background

Plaintiff, Patrick K. Donnelly, asserts claims for breach of contract and unjust enrichment against Linden Capital Partners III, L.P. ("Linden III") and Linden Capital Partners IV, L.P. ("Linden IV") (collectively "Linden"). (Dkt. No. 66). In 2015, Plaintiff signed an Operating Partner Agreement ("OPA") with LCP III, a private equity firm, and "affiliated investment funds" where Plaintiff agreed to perform certain services as an operating partner. (Dkt. No. 89-5). The OPA contemplates compensation to operating partners in the form of consulting fees and transaction fees. (*Id.*). Plaintiff alleges LCP IV did not exist at the time he signed the OPA. (*Id.* at ¶ 43).

1

In November of 2017, Linden formed Advarra, Inc. ("Advarra"). Plaintiff signed an Employment Agreement with Advarra to become its Chief Executive Operator ("CEO") in November 2017. (Dkt. Nos. 86-5; 86-16). Linden stopped paying Plaintiff as an operating partner on November 7, 2017. (Dkt. Nos. 97 at 8; 86 at 6). Plaintiff alleges Linden created LCP IV in November 2017. (Dkt. No. 66 at ¶¶ 43, 53, 203). Plaintiff alleges that after the formation of LCP IV, he continued to perform the same duties described in the OPA for LCP IV. (*Id.* at ¶ 53). Plaintiff alleges that aside from the OPA with LCP III, he did not enter into any other agreements with LCP III or LCP IV that addressed consulting fees or earned transaction fees. (*Id.* at ¶ 57).

In July 2019, LCP III sold Advarra to Genstar Capital ("Project Bearcat."). Plaintiff alleges LCP IV became the minority shareholder of Advarra with Genstar Capital being the majority owner. (Dkt. No. 66 at ¶ 199). Plaintiff alleges that with respect to Project Bearcat, he conducted presentations to prospective buyers, helped to develop an industry report to be shared with potential bidders, and participated in the presentations to various bidders. (*Id.* at ¶ 167). Plaintiff alleges all of the work he completed as an operating partner on this transaction benefitted LCP IV. (*Id.* at ¶ 200). Plaintiff alleges there was no contract governing the relationship between him and LCP IV. (*Id.* at ¶ 201).

Plaintiff brought breach of contract claims against LCP III and alleged it owed him consulting fees and transaction fees in relation to services he provided as an operating partner while he also served as CEO of Advarra. Plaintiff brought an unjust enrichment claim against LCP III in the alternative to his breach of contract claims against LCP III. Plaintiff brought an unjust enrichment claim against LCP IV and alleged he conferred a benefit to LCP IV for his work as an operating partner on Project Bearcat. (*Id.* at ¶ 196).

On June 28, 2022, the Court issued an Order that granted in part, denied in part Defendants' motion for summary judgment (Dkt. No. 89) and denied Plaintiffs' motion for summary judgment (Dkt. No. 86). (Dkt. No. 115). The Court denied the parties' cross-motions for summary judgment as to Plaintiff's breach of contract claim for consulting fees against LCP III because there was a question of material fact as to whether the OPA was terminated after Plaintiff signed the Advarra Employment Agreement, and whether Plaintiff continued to perform services on behalf of Linden as an operating partner. (*Id.* at 8). The Court granted Defendants' motion for summary judgment as to various transaction fees Plaintiff sought from LCP III. The Court granted Defendants' motion for summary judgment as to Plaintiff's unjust enrichment claim against LCP III on the ground the OPA between Plaintiff and LCP III was an express agreement that precluded an unjust enrichment claim as a matter of law. (Dkt. No. 115 at 21). The Court denied Defendants' motion for summary judgment as to Plaintiff's unjust enrichment claim as to LCP IV because there were issues of material fact as to whether Plaintiff conferred a benefit to LCP IV in connection with Project Bearcat. (Dkt. No. 115 at 21) (citing Dkt. No. 89-18, Donnelly Depo. at 291: 6-305: 3-14); (Dkt. Nos. 110-17; 110-18; 110-19, emails)).

On June 30, 2022, Defendants filed a motion to reconsider the Court's June 28, 2022 Order pursuant to Federal Rule of Civil Procedure Rule 54(b). (Dkt. No. 116). Defendants move for the Court to reconsider its ruling that denied Defendants' motion for summary judgment as to Plaintiff's unjust enrichment claim against LCP IV. (Dkt. No. 116).

**II.     Legal Standard**

Rule 54(b) governs the Court's reconsideration of interlocutory orders. Fed. R. Civ. P. 54(b). Where a district court issues an interlocutory order such as one for partial summary judgment "that adjudicates fewer than all of the claims," the court retains discretion to revise such an order "at any time before the entry of a judgment adjudicating all the claims." Fed. R. Civ. P.

54(b). Compared to motions to reconsider final judgments pursuant to Rule 59(e), Rule 54(b)'s approach involves broader flexibility to revise interlocutory orders before final judgment as the litigation develops and new facts or arguments come to light. *Carlson v. Boston Sci. Corp.*, 856 F.3d 320, 326 (4th Cir. 2017).

The discretion Rule 54(b) provides is not limitless. Courts have cabined revision pursuant to Rule 54(b) by treating interlocutory rulings as law of the case. *Carlson*, 856 F.3d at 325 (citing *Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 515-16 (4th Cir. 2003) (internal citations omitted). The law-of-the case doctrine provides that in the interest of finality," when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Carlson*, 856 F.3d at 325 (citing *TWFS, Inc. v. Franchot*, 572 F.3d 186, 191 (4th Cir. 2009) (internal citations omitted). Thus, a court may revise an interlocutory order under the same circumstances in which it may depart from the law of the case: (1) "a subsequent trial produc[ing] substantially different evidence;" (2) a change in applicable law; or (3) clear error causing "manifest injustice." *Carlson*, 856 F.3d 320. This standard closely resembles the standard applicable to motions to reconsider final orders pursuant to Rule 59(e), but it departs from such standard by accounting for potentially different evidence discovered during litigation as opposed to the discovery of "new evidence not available at trial." *Carlson*, 856 F.3d 325 (citing *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998).

### III.   Discussion

Defendants move for the Court to reconsider its ruling denying Defendants' motion for summary judgment as to Plaintiff's unjust enrichment claim against LCP IV. (Dkt. No. 116). Defendants argue reconsideration is warranted because the Court did not consider an argument presented on summary judgment that Plaintiff's unjust enrichment claim against LCP IV fails as a matter of law because the payments he seeks are fully covered by the Advarra Employment

4

Agreement and are in direct conflict therewith. (Dkt. No. 116 at 3-4).[1] Defendants point to Section 14 of the Advarra Employment Agreement which states, Plaintiff is "not entitled to any salary, bonus, benefits, severance, deferred compensation or similar payments from *the Company or any of its affiliates* except as expressly set forth herein." (Dkt. No. 95-5 at § 14) (emphasis added). Defendants argue "Linden is obviously an affiliate of Advarra," and therefore Section 14 of the Employment Agreement bars Plaintiff from bringing an unjust enrichment claim against LCP IV. (Dkt. No. 89-1 at 24; Dkt. No. 98 at 19). Defendants support this position by pointing to Plaintiff's brief where he stated, "Advarra was an affiliate of Linden at the time the [Advarra Employment Agreement] was signed." (*Id*).[2] Defendants point to the amended complaint where Plaintiff alleges LCP IV became the minority shareholder of Advarra with Genstar being the majority owner. (Dkt. No. 66 at ¶ 199). Defendants argue that because the Advarra Employment Agreement is an express contract that governs the obligations between the parties, Plaintiff's unjust enrichment claim fails as a matter of law. (*Id.* at 116 at 3) (citing *Palmetto Health Credit Union v. Open Sols., Inc.*, No. 3:08-CV-3848-CMC, 2010 WL 2710551, at * 4 (D.S.C. July 7, 2010)).

---

[1] Defendants argue it previously raised this issue in response to Plaintiff's motion to amend the complaint. (Dkt. No. 58 at 15-16). In granting leave to amend, the Court concluded it could not rule on this argument at the pleading stage because it could not consider the Advarra Employment Agreement. (Dkt. No. 63 at 6) ("The Court rejects this argument, however, as it requires consideration of a document which is neither attached to nor integral to the proposed FAC.").

[2] Plaintiff's response in opposition to Defendants' motion for summary judgment cites the definition of "affiliate" as to Section 3(b) of the Employment Agreement located in the First Amendment to the Employment Agreement. (Dkt. No. 110-20). The amendment states, "all persons and entities directly or indirectly controlling, controlled by or under common control with the Company, where control may be by management authority, equity interest or otherwise . . . For the purpose of Section 3(b), 'affiliates' shall include portfolio companies of Linden Capital Partners, LLC, provided Employee is in full Compliance with Sections 9, 10, 11, and 12 of this Agreement.").

The Court will address Defendants' argument. On summary judgment, the Court found the Advarra Employment Agreement was executed between Plaintiff and Advarra and Linden is not a party to the agreement. (Dkt. No. 115 at 7). The Court found the Advarra Employment Agreement contains language that limits Plaintiff's ability to work in other employment opportunities while serving as CEO of Advarra (Dkt. No. 95-5 at § 3(a), § 14), but also contemplated Plaintiff working in certain positions and serving on boards for affiliated companies. (Dkt. No. 95-5 at § 3(b)). (Dkt. No. 115 at 7). The Court found there is a question of material fact as to whether Plaintiff continued to perform services as an operating partner for Linden after he signed the Advarra Employment Agreement. (*Id.* at 8-9). Plaintiff alleges that after LCP IV was formed, he continued to perform the same duties described in the OPA for LCP IV. (Dkt. No. 66 at ¶ 54). He alleges that aside from the OPA with LCP III, he did not enter any other agreements with LCP III or LCP IV that addressed the consulting fees or earned transaction fees. (*Id.* at ¶ 57). The record on summary judgment does not contain an agreement between Plaintiff and LCP IV. Upon a review of the record on summary judgment, the Court determined there was a question of material fact as to whether Plaintiff conferred a benefit on LCP IV for any alleged work he performed on Project Bearcat. (Dkt. No. 115 at 22) (citing Dkt. Nos. 110-17, 110-18, 110-19); (Dkt. No. 89-18, Donnelly Depo. at 303: 4-14, 291: 6-305:3).

Defendants have not identified any change in controlling law, new evidence not previously available, or a ruling in clear error of law. Accordingly, the Court denies Defendants' motion as it fails to meet the appropriate standards under Rule 54(b). The Court clarifies the prior Order to state that Plaintiff seeks compensation for services he allegedly performed as an operating partner on Project Bearcat to the benefit of LCP IV. There is no agreement that expressly governs operating partner services Plaintiff allegedly performed on behalf of LCP IV. There is a question

of material fact as to whether Plaintiff continued to perform services as an operating partner on behalf of Linden after he signed the Advarra Employment Agreement. Therefore, the Advarra Employment Agreement does not bar his claim for unjust enrichment against LCP IV as a matter of law.

## IV.     Conclusion

For the reasons stated above, Defendants' motion to reconsider pursuant to Rule 54(b) is **DENIED**. (Dkt. No. 116).

**AND IT IS SO ORDERED**.

s/ Richard M. Gergel
Richard M. Gergel
United States District Judge

July 5, 2022
Charleston, South Carolina